```
               UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                      EASTERN DIVISION


JAMES GOODIN AND ANN GOODIN                            PLAINTIFFS


VS.                                    CIVIL ACTION NO. 4:05CV118LR


PATRIOT HOMES, INC.                                     DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Patriot Homes, Inc. to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 4. Plaintiffs have filed no response to the motion. The court has considered the memorandum of authorities, together with attachments, submitted by defendant, and concludes that the motion is well taken and should be granted.

Plaintiffs filed this suit in state court against Johnson Mobile Homes, Inc. (Johnson) and Patriot Homes, Inc. (Patriot) alleging claims for breach of warranty and seeking to recover actual and punitive damages in connection with their purchase of a mobile home from Johnson, which mobile home had been constructed by Patriot.[1] While the case was pending in state court, Johnson, joined by Patriot, moved to compel arbitration based on an

---

[1] Plaintiffs alleged that the mobile home was defective when delivered, and alleged as examples of defects that there were large holes in the floor that could not be corrected; that the home had "dangerous chemicals placed there by Defendants causing it to be uninhabitable;" that the plumbing was grossly insufficient; and that there was damage to the floors and countertops that could not be repaired.

arbitration agreement included in plaintiffs' purchase order for the mobile home.  Subsequently, Johnson was dismissed by plaintiffs (after Johnson had filed for bankruptcy protection), following which Patriot removed the case to this court based on diversity jurisdiction.  Patriot has now again moved to compel arbitration.

The arbitration agreement contained in plaintiffs' purchase agreement and bill of sale, which was separately signed by plaintiffs, states:

> ARBITRATION: All disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration before one arbitrator in accordance with the Federal Arbitration Act.

The plaintiffs also signed a separate arbitration agreement at the time of purchase which stated:

> The buyer agrees that this arbitration agreement applies to all disputes regarding the representations, promises, undertakings, statements, agreements, and/or covenants made by or in connection with (1) the sale of the mobile home, (2) otherwise dealing with the mobile home and its sale in any way, . . . (5) the signing of this arbitration agreement and any other agreements in connection with the mobile home and its sale, and (6) any other matters related in any way to the mobile home and its sale.  The buyer also agrees that the arbitrator in such dispute has the exclusive right to decide all matters in dispute, including but not limited to any disputes regarding this arbitration agreement, this contract, (and) whether or not arbitration is required by this agreement. . . .
>
> Without limiting in any way the extent of the preceding paragraph, the buyer agrees that the scope of the

2

>     disputes, controversies, and/or differences of opinion
>     to which this arbitration agreement applies shall
>     include, but not be limited to the following: The terms
>     of the contract; its breadth and scope; all documents
>     concerning any goods and/or services acquired by the
>     buyer; the condition of the mobile home. . . .

Under the Federal Arbitration Act (FAA), a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 3 of the FAA provides for staying proceedings in federal district courts when an issue in the proceedings is referable to arbitration, 9 U.S.C. § 3; and § 4 provides for orders compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement, 9 U.S.C. § 4. Under § 4, then, "if a party to an agreement refuses to arbitrate, the opposing party may bring an action to compel arbitration, and after hearing the parties the court 'being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue,' shall direct the parties to arbitrate." Bhatia v. Johnston, 818 F.2d 418, 421 (5th Cir. 1987) (quoting 9 U.S.C. § 4). If, though, "'the making of the arbitration agreement or the failure . . . to perform the same be in issue," Section 4 directs that "the court shall proceed summarily to the trial thereof.'" Id.

> The Fifth Circuit has explained that,
>
>> [i]n adjudicating a motion to compel arbitration under the Federal Arbitration Act, courts generally conduct a two-step inquiry. The first step is to determine whether the parties agreed to arbitrate the dispute in question. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. . . . The second step is to determine "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims."

Webb v. Investacorp, Inc., 89 F.3d 252, 257-58 (5th Cir. 1996) (citations omitted). Commenting further on the court's charge when addressing a motion to compel arbitration, this court has noted that,

> When deciding the broader issue of whether the parties agreed to arbitrate the dispute in question, "the court must look to the body of federal arbitration law," [Bhatia v. Johnston, 818 F.2d 418, 421 (5th Cir. 1987)], which recognizes that "the question of arbitrability [is to] be addressed with a 'healthy regard for the federal policy favoring arbitration,' with doubts regarding the scope of the agreement resolved in favor of arbitration," id. (quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983)). As to the more specific issue of whether there is a valid agreement to arbitrate, "'courts generally . . . should apply ordinary state-law principles that govern the formation of contracts'," Webb, 89 F.3d at 257 (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115 S. Ct. 1920, 1924, 131 L. Ed. 2d 985 (1995)), but in doing so, must give "due regard . . . to the federal policy favoring arbitration," id. (quoting Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Jr. Univ., 489 U.S. 468, 475-76, 109 S. Ct. 1248, 1253-54, 103 L. Ed. 2d 488 (1989)).

Raesly v. Grand Housing, Inc., 105 F. Supp. 2d 562, 566 (S.D. Miss. 2000).

In the case at bar, plaintiffs have not denied that they signed the arbitration agreement and there is a valid arbitration agreement. Moreover, although both agreements were between plaintiffs and Johnson Mobile Homes, the purchase order was for the purchase of a Patriot-manufactured home, and by its terms the arbitration agreement therein applies to "[a]ll disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract." In the court's opinion, the subject dispute falls within the scope of the arbitration agreement. Having not responded to the motion, plaintiffs have not identified any legal constraints to enforcement of the agreement.

Therefore, it is ordered that defendant's motion to compel arbitration is granted. It is further ordered that defendant's motion to stay pending binding arbitration in accordance with the terms of the arbitration provision is granted.

SO ORDERED this 4th day of August, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE